SALLY JONES, ETC., *v.* LITTLETON JONES, ETC.

**Descent and Distribution—Child of Void Marriage.**

Under 1 M. & B. Stat. 565, and R. S., ch. 47, § 2, subd. 3, legitimatizing the issue of void marriages, the daughter of a void marriage is capable of inheriting from her father.

APPEAL FROM BOURBON CIRCUIT COURT.

January 6, 1873.

OPINION BY JUDGE PETERS:

It is satisfactorily established by the evidence that appellees, Littleton Jones and his sister Julia, are the children of the intestate Edward Jones, born in lawful wedlock. But the further facts are established by the evidence that said Edward Jones abandoned his wife, Katy, the mother of said appellees, about 1844, and removed from Nashville, Tennessee, to Kentucky, and perhaps in 1850 married appellant, Sally Jones, cohabited with her and recognized her as his wife when her daughter Christiana was born. At the time said intestate married appellant Sally, his wife Katy was living, and from whom he had not been lawfully divorced. His marriage with appellant Sally Jones was null and void. But the question then arises as to what is the condition of the issue of the last marriage. The 19th section of an act approved 19th of March, 1796, 1 M.

& B. Statute Laws of Ky. 565, provides that the issue in marriage deemed null in law shall nevertheless be legitimate, and consequently such issue would take by descent from its parents. That was the law of the state in 1850, when the intestate Edward Jones married the appellant Sally, and the rights of appellant Christiana must be measured by the law in force at the time of the marriage of her parents.

But if tested by the Revised Statutes the rights of Christiana would not be changed. By Subdivision 3, Sec. 2, Chapter 47, R. S., the marriage of her parents would be void, but by Sec. 3 she would be legitimate, and capable of inheriting from her father. Vol. 2, p. 4, R. S.

So that in either aspect of the case Christiana Jones was entitled by descent to an undivided one-third of the real estate of intestate. Sally Jones was not entitled to dower in the estate, nor are the facts presented in her amended answer sufficient to entitle her to any relief, but the judgment must be reversed and the cause remanded with directions to adjudge to Christiana Jones the one-third of the house and lot described in the petition, or to the one-third of the proceeds and for further proceedings consistent herewith.

*Hargis, Huston, for appellants.*

*Davis, for appellees.*